UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michelle Knapp,** | ) | CASE NO. 1:14 CV 1394 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **LaShann Eppinger,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc 22), recommending the dismissal in part and the denial in part of the petition for habeas corpus. Petitioner has filed Objections (Doc. 24). For the reasons set forth below, the Report and Recommendation is ACCEPTED.

**Facts**

The pertinent background in this matter is set forth more fully by the Magistrate Judge in the Report and Recommendation. On the evening of December 12, 2009, Petitioner struck two pedestrians with her car after she had been drinking. One of them was killed. Petitioner

did not stop her car after the accident. After a jury trial in Ashtabula County in July 2011, Petitioner was convicted of aggravated vehicular homicide, failure to stop after an accident, and operating a vehicle while under the influence. Petitioner was sentenced to an aggregate term of seven years imprisonment. Petitioner appealed her conviction, raising seven assignments of error. The state appellate court affirmed the trial court's judgment.

Petitioner sought post-conviction relief in the trial court based on ineffective assistance of counsel, requesting an evidentiary hearing. Petitioner challenged her trial counsel's performance, arguing that "trial counsel's unrealistic advice to Ms. Knapp regarding her plea bargaining options constituted ineffective assistance." (Doc. 15-2 p. 227). The trial court denied her request for a hearing and dismissed her petition.

Petitioner appealed, arguing that the trial court erred by not conducting an evidentiary hearing and by not granting her petition for post-conviction relief. The appellate court affirmed. The appellate court considered Petitioner's affidavit to the trial court which averred:

> 41. From the commencement of his representation of me on December 14, 2009 through the conclusion of trial, Mr. Bobulsky instructed me that I would take no plea offer which involved incarceration.
> 42. I understand now that the State was prepared to reduce the charges if I were willing to accept some period of incarceration.
> 43. Had Mr. Bobulsky advised me of my realistic exposure to a conviction and significant period of incarceration, even though innocent, I would have agreed to plead guilty and do some period of incarceration so as to minimize the effect of these proceedings on my daughter and family.
> 44. Instead, Mr. Bobulsky led me to believe that the State's case was weak and that I had nothing to be concerned with which would warrant consideration of a guilty plea or incarceration.

*State v. Knapp*, 2013 Ohio 870, ¶¶ 58-61 appeal not allowed, 2013 Ohio 2645, 989 N.E.2d 1020. The appellate court found that Petitioner had failed to meet her burden of

demonstrating sufficient operative facts about trial counsel's lack of competence and resulting prejudice under *Lafler v. Cooper*, ––– U.S. –––, 132 S.Ct. 1376, 1384 (2012) and *Missouri v. Frye*, ––– U.S. –––, 132 S.Ct. 1399, 1407–1408 (2012).  The appellate court found that the affidavit lacked "specific details about the plea [negotiations] or Attorney Bobulsky's performance" and "Bobulsky's professional estimation that the State's case was 'weak,' without more, does not rise the level of ineffective assistance." *Id*. ¶ 63.  The appellate court found that the trial court was within its discretion to doubt the credibility of Petitioner's claims "in light of the seriousness of the charges and the undisputed fact that Knapp struck and killed Moretti with her vehicle after drinking for several hours." *Id.* ¶ 64.  As such, the appellate court affirmed the trial court's judgment.

Petitioner thereafter appealed to the Ohio Supreme Court.  Her memorandum in Support of Jurisdiction contained one proposition of law centering on counsel's ineffective communication of a plea offer. (Doc. 15-3 p. 155).  The Ohio Supreme Court declined jurisdiction.

Petitioner has filed the instant section 2254 petition.  The petition raises one ground for relief: "The trial court unreasonably determined that trial counsel's representation of Ms. Knapp did not constitute ineffective assistance of counsel and denied her petition for post-conviction relief without a hearing." (Doc. 1 p. 6).  Petitioner argues that trial counsel was ineffective because "he failed to investigate, gave Ms. Knapp unrealistic advice regarding her plea options, failed to present expert testimony at trial which would have defeated the prosecution's claims, failed to object to certain evidence, and failed to challenge partial jurors." (Doc. 1 p. 6).  Petitioner requests an evidentiary hearing and discovery. (Doc. 2 p. 47).

3

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the Untied States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

The Magistrate Judge concluded that most of the petition was procedurally defaulted because Petitioner had not adequately presented it to the Ohio Supreme Court.  Petitioner objects to this finding, arguing that she did present her arguments in a memorandum in support of jurisdiction to the Ohio Supreme Court.  In addition, Petitioner contends that any default should be excused because it would work a fundamental miscarriage of justice.

The Court agrees with the Magistrate Judge that almost all of Petitioner's bases for relief are procedurally defaulted because she did not present them to the Ohio Supreme Court.  Petitioner's proposition of law that was presented to the Ohio Supreme Court centered on "Her Counsel's Ineffective Communication Of A Plea Offer." (Doc. 15-3 p. 155).  Petitioner's argument that her "statement of facts" in this brief raised other objections as to counsel's performance is unavailing.  The brief's case law and arguments are centered around counsel's performance during plea negotiations.  No cogent arguments were put before the Ohio Supreme Court articulating how any other aspect of trial counsel's performance was deficient.  Petitioner did not give the Ohio Supreme Court a full and fair opportunity to correct any errors on these other issues.

Further, the Court finds that Petitioner has failed to excuse her default on the basis of a

fundamental miscarriage of justice. The fundamental miscarriage of justice exception is explicitly linked to a showing of a petitioner's actual innocence. *Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir. 2011), cert. denied, ––– U.S. –––, 132 S.Ct. 1909 (2012). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614 (1998). As such, a petitioner must show that it is more likely than not that no reasonable juror would have convicted her in light of new evidence. *In re Byrd*, 269 F.3d 561, 573 (6th Cir. 2001). Petitioner does not dispute that she hit the victim with her car. Rather, Petitioner's arguments go to the weight of the evidence presented at trial. The Court finds that Petitioner has failed to meet the miscarriage of justice standard. Consequently, Petitioner's claims, with the exception of counsel's ineffectiveness during plea negotiations, are procedurally defaulted and are dismissed.

      The Magistrate Judge next concluded that Petitioner's claim for ineffective assistance of counsel during plea negotiations was not procedurally defaulted but it failed on the merits. The Magistrate Judge noted that the Ohio Appellate Court had adjudicated Petitioner's claim on its merits and that its decision was entitled to considerable deference under AEDPA. *See Harrington v. Richter*, 562 U.S. 86, 103-105 (2011). The Magistrate Judge found that Petitioner had failed to meet her burden of showing that the decision was contrary to or involved an unreasonable application of Supreme Court precedent under 28 U.S.C. § 2254(d). Turning to the opinion, the appellate court considered Petitioner's affidavit insufficient because it did not aver that trial counsel failed to advise about plea offers. Rather, the affidavit stated that counsel "led [her] to believe that the State's case was weak and that [she] had nothing to be concerned with which would warrant consideration of a guilty plea or

5

incarceration." *State v. Knapp*, 2013 Ohio 870, ¶ 61. The appellate court found that "[counsel's] professional estimation that the state's case was weak, without more, does not rise [to] the level of ineffective assistance." *Id.* ¶ 63. The appellate court, echoing the trial court, found it incredible that Knapp's counsel failed to advise her, or that she failed to appreciate on her own, her exposure to jail time in light of the seriousness of the charges. *Id*. ¶ 64. The Magistrate Judge concluded that Petitioner had not demonstrated that this opinion was so lacking in justification that it was beyond any possibility for fair-minded disagreement.

Petitioner objects that the brief in which she originally set forth her arguments on the decision's unreasonableness was submitted by previous counsel. Petitioner argues that she explained why she was entitled to relief in her Traverse. There, relying on a Sixth Circuit case, Petitioner argues that trial counsel was ineffective. Petitioner contends that the lack of details in her affidavit about counsel's performance is why she should have discovery in this case.

After review, the Court agrees with the Magistrate Judge. Petitioner has not shown how the appellate court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Petitioner's citation to *Sawaf v. United States*, 570 Fed. App'x 544 (6th Cir. 2014), does not undermine this conclusion. As the Magistrate Judge noted, *Sawaf* does not apply the deferential AEDPA standard to the appellate court's opinion. And its facts are distinguishable. The appellate court justified its position with consideration of precedent and Petitioner's affidavit. The ruling was not so lacking in justification as to be "objectively unreasonable" as is required to grant habeas relief

6

here. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  The claim fails on the merits and is denied.

The Magistrate Judge next addressed Petitioner's claim for a post-conviction hearing, finding it non-cognizable.  Petitioner objects that the trial court's refusal to afford her a hearing denied her due process.  She maintains that the Magistrate Judge's opinion is contravened by *Evitts v. Lucey*, 469 U.S. 387 (1985).  The Court fully agrees with the reasoning of the Magistrate Judge.  It is well-settled that this claim is non-cognizable in habeas proceedings, which cannot be used to challenge deficiencies in state court post-conviction proceedings.  *Cornwell v. Brandshaw*, 559 F.3d 398, 411 (2009).  Petitioner's claim is denied.

Finally, the Magistrate Judge found that Petitioner was not entitled to an evidentiary hearing or discovery.  Petitioner objects.  She argues that the lack of details in her affidavit before the state court is precisely why she should be granted an evidentiary hearing here.  She has never been in a position to provide details about plea negotiations because she had no communications with the prosecution.

Petitioner's motion is denied.  The fault with Petitioner's affidavit lies not in the absence of averments about the prosecution's statements to her.  Rather, the affidavit is, as the Magistrate Judge put it, full of watery allegations about her counsel's conduct.  Her affidavit could have detailed exactly what was said to her by trial counsel.  She possessed that knowledge.  The Court agrees with the Magistrate Judge that Petitioner has failed to advance specific allegations of fact to support a reasonable belief that she may be able to demonstrate she is entitled to relief.  Consequently, the motions for discovery and an evidentiary hearing

are denied.

### **Conclusion**

Accordingly, the Report and Recommendation is ACCEPTED. The petition for writ of habeas corpus is dismissed in part and denied in part. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                         /s/Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
Date:  7/13/15                     United States District Judge